IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. ) <br> ) <br> Plaintiff ) <br> ) Civil Action No.: 7:17CV381 <br> vs. ) <br> ) <br> A ROYAL TOUCH HOSPITALITY, LLC (NC), ) <br> A ROYAL TOUCH HOSPITALITY, LLC (VA), ) <br> UJAS B. PATEL and KETKI PATEL ) <br> ) <br> Defendants. ) <br> ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal counsel, and in support of its Complaint against Defendants A Royal Touch Hospitality, LLC, Ujas B. Patel and Ketki Patel does hereby allege and aver:

### Parties

1. Plaintiff, Choice Hotels International, Inc. is a Delaware corporation, licensed to conduct business in the State of North Carolina, having a principal place of business at 1 Choice Hotels Circle, Suite 400, Rockville, Maryland 20850.

2. Upon information and belief, Defendant A Royal Touch Hospitality, LLC (NC) is a limited liability company organized under the laws of the State of North Carolina that routinely conducts business in this Commonwealth and District, by, *inter alia*, engaging in the provision of hotel-motel services at 429 Main Street, Covington, Virginia 24426.

3. Upon information and belief, Defendant A Royal Touch Hospitality, LLC (VA) is a limited liability company organized under the laws of the Commonwealth of Virginia that

1

routinely conducts business in this Commonwealth and District, by, inter alia, engaging in the provision of hotel-motel services at 429 Main Street, Covington, Virginia 24426.

4. Upon information and belief, Defendant Ujas B. Patel, is a natural person, is a member-manager of Defendant A Royal Touch Hospitality, LLC (NC) and of Defendant A Royal Touch Hospitality, LLC (VA), and routinely conducts business in this Commonwealth and District, by, *inter alia*, engaging in the provision of hotel-motel services at 429 Main Street, Covington, Virginia 24426.

5. Upon information and belief, Defendant Ketki Patel, is a natural person, is a member-manager of Defendant A Royal Touch Hospitality, LLC (NC) and of Defendant A Royal Touch Hospitality, LLC (VA), and routinely conducts business in this Commonwealth and District, by, *inter alia*, engaging in the provision of hotel-motel services at 429 Main Street, Covington, Virginia 24426.

### Jurisdiction and Venue

6. This Court has both diversity and federal question jurisdiction over this case.

7. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

8. This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

9. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

2
Case 7:17-cv-00381-EKD   Document 1   Filed 08/15/17   Page 2 of 19   Pageid#: 2

10. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

11. Upon information and belief, each Defendant has sufficient contacts with this Commonwealth and District such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**Choice Hotels and the QUALITY® family of marks**

13. Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of operating and franchising hotels and motels.

14. Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

15. Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

16. Choice Hotels is now a publically traded company with more than 6,000 franchised hotels.

17. Choice Hotels offers high value, mid-priced, hotel, motel and restaurant services under such well-known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

18. Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of QUALITY® marks since at least as early as 1939.

19. Choice Hotels is the owner of several United States Trademark Registrations for its QUALITY® family of marks.

20. Choice Hotels is the owner of United States Trademark Registration No. 886,881 (hereinafter, "the '881 registration") for the mark QUALITY. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

21. The '881 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

22. Choice Hotels is the owner of United States Trademark Registration No. 1,050,372 (hereinafter, "the '372 Registration") for the mark QUALITY for use in connection with the provision of hotel, motel and restaurant services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 2.

23. The '372 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

24. Choice Hotels is the owner of United States Trademark Registration No. 1,183,294 (hereinafter, "the '294 Registration") for the mark QUALITY INN for use in connection with the provision of hotel, motel and restaurant services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 3.

25. The '294 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

26. Choice Hotels is the owner of United States Trademark Registration No. 1,534,820 (hereinafter, "the '820 Registration") for the mark QUALITY HOTEL for use in

connection with the provision of hotel and restaurant services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.

27. The '820 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

28. Choice Hotels is the owner of United States Trademark Registration No. 1,769,488 (hereinafter, "the '488 Registration") for the mark QUALITY RESORT for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 5.

29. The '488 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

30. Choice Hotels is the owner of United States Trademark Registration No. 2,729,999 (hereinafter, "the '999 Registration") for the mark Q QUALITY INN + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 6.

31. The '999 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

32. Choice Hotels is the owner of United States Trademark Registration No. 2,732,875 (hereinafter, "the '875 Registration") for the mark Q QUALITY SUITES + Design for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 7.

33. The '875 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

34. Choice Hotels is the owner of United States Trademark Registration No. 2,946,054 (hereinafter, "the '054 Registration") for the mark Q QUALITY + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 8.

35. The '054 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

36. Choice Hotels is the owner of United States Trademark Registration No. 3,053,888 (hereinafter, "the '888 Registration") for the mark QUALITY SUITES for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 9.

37. The '888 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

38. Choice Hotels is the owner of United States Trademark Registration No. 3,448,436 (hereinafter, "the '436 Registration") for the mark QUALITY INN & SUITES for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 10.

39. The '436 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

40. Choice Hotels is the owner of United States Trademark Registration No. 3,448,437 (hereinafter, "the '437 Registration") for the mark Q QUALITY INN & SUITES +

Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 11.

41. The '437 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

42. Choice Hotels is the owner of United States Trademark Registration No. 3,435,885 (hereinafter, "the '885 Registration") for the mark Q QUALITY + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 12.

43. The '885 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

44. Choice Hotels is the owner of United States Trademark Registration No. 3,569,789 (hereinafter, "the '789 Registration") for the mark Q QUALITY HOTEL + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 13.

45. The '789 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

46. Choice Hotels is the owner of United States Trademark Registration No. 3,837,912 (hereinafter, "the '912 Registration") for the mark Q (Stylized) for use in connection with hotel and motel services, hotel and motel reservation services for others, and online hotel

and motel reservation services for others; providing a complimentary breakfast to hotel guests. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 14.

47. The '912 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

48. Since the inception of their use, the service marks described in paragraphs 17 to 45 above (hereinafter, collectively, "the QUALITY® family of marks"), have been used by Choice Hotels, its predecessors and franchisees only in connection with the provision of the highest value hotel and motel services.

49. Each registration identified in paragraphs 17 to 45 above remains active, valid and enforceable.

50. Choice Hotels has invested, and continues to invest, significant resources in the development, promotion and protection of the QUALITY® family of marks.

51. As a result of the concerted branding efforts of Choice Hotels, the marks in the QUALITY® family of marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

52. The marks in the QUALITY® family of marks are indicative to both the trade industry and consumers that items bearing, or services offered under, the QUALITY® marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

53. On or about June 16, 2010, Choice Hotels entered into a Franchise Agreement with A Royal Touch Hospitality, LLC (NC), Ujas B. Patel, and Ketki Patel which permitted them to operate a QUALITY INN® hotel franchise at 429 Main Street, Covington,

Virginia 24426 (hereinafter, "the Subject Property"). A true and correct copy of the Franchise Agreement is attached hereto as Exhibit 15.

54. The Franchise Agreement specifically licensed the QUALITY® family of marks to ARTH for so long as the Franchise Agreement remained in effect.

55. Paragraph 11 of the Franchise Agreement provides that upon termination, ARTH must immediately discontinue use of all trademarks belonging to Choice Hotels and that ARTH must refrain from using the Choice Hotels trademarks to identify the Hotel.

56. Seven days after execution of the Franchise Agreement, Defendant Ketki Patel created a new limited liability company in Virginia under the same name, A Royal Touch Hospitality, LLC, and identified the Subject Property as its registered office address.

57. Upon information and belief, A Royal Touch Hospitality, LLC (NC), A Royal Touch Hospitality, LLC (VA), Ujas B. Patel, and Ketki Patel (hereinafter, collectively, "ARTH") thereafter operated the hotel at the Subject Property under the QUALITY® family of marks.

58. On December 30, 2013, Choice Hotels terminated the Franchise Agreement.

59. On or about March 4, 2014, and unbeknownst to Choice Hotels, A Royal Touch Hospitality, LLC (NC) was administratively dissolved.

60. Notwithstanding, on or about April 22, 2014, Choice Hotels entered into a Reinstatement Agreement with Ujas B. Patel, Ketki Patel, and, purportedly, A Royal Touch Hospitality, LLC (NC) reinstating the Franchise Agreement. A true and correct copy of the Reinstatement Agreement is attached hereto as Exhibit 16.

61. Defendant Ketki Patel executed the Reinstatement Agreement on behalf of A Royal Touch Hospitality, LLC (NC).

62. Upon information and belief, ARTH thereafter continued to operate the hotel at the Subject Property under the QUALITY® family of marks.

63. Prior to June 3, 2015, ARTH defaulted, on no fewer than three occasions, on the payment obligations imposed by the Reinstatement Agreement.

64. The failure to meet the payment requirements of the Reinstatement Agreement constitutes a default of ARTH's material obligations under the Reinstatement Agreement, the Franchise Agreement, and the Addenda to the Franchise Agreement.

65. On or about June 3, 2015, Choice Hotels issued a Notice of Termination, via FEDEX® delivery service, to ARTH. A true and correct copy of the Notice of Termination is attached hereto as Exhibit 17.

66. The Notice of Termination was issued as a result of ARTH's breach of the Reinstatement Agreement, the Franchise Agreement, and the Addenda to the Franchise Agreement.

67. The Notice of Termination instructed ARTH to immediately cease and desist use of any and all marks owned by Choice Hotels, including the QUALITY® family of marks.

68. The Notice of Termination further advised ARTH that continued use of the QUALITY® family of marks would constitute trademark infringement and would be dealt with accordingly.

69. The Notice of Termination further advised ARTH that, under the terms of the Franchise Agreement, Choice Hotels was entitled to $41,364.46 in past due franchise and related fees, $171.00 in travel agent commissions, and $145,110.12 for the remaining term of the Franchise Agreement.

70. The Notice of Termination demanded that ARTH tender full payment of $186,645.58 balance due and owing. Choice Hotels further indicated that it would proceed with appropriate legal action if its demands were not met.

71. ARTH did not comply with the requirements set forth in the Notice of Termination.

72. On or about July 6, 2015, Choice Hotels denied ARTH's request for an additional reinstatement of the Franchise Agreement. A true and correct copy of the Denial of Reinstatement is attached hereto as Exhibit 18.

73. The Denial of Reinstatement reiterated that ARTH was not permitted to use any of the marks in the QUALITY® family of marks and that any continued use of the mark constituted trademark infringement.

74. Thereafter, ARTH continued to use the QUALITY® family of marks in, around, and in publicity for hotel located at the Subject Property.

75. On or about July 22, 2016, Choice Hotels issued a Notice of Service Mark Infringement to ARTH. A true and correct copy of the Notice of Service Mark Infringement is attached hereto as Exhibit 19.

76. The Notice of Service Mark Infringement specifically informed ARTH that its continued use of the QUALITY® family of marks in, around, and in publicity for, the hotel located at the Subject Property was likely to create consumer confusion in the marketplace and constituted trademark infringement.

77. The Notice of Service Mark Infringement demanded ARTH immediately cease all use of the QUALITY® family of marks and that ARTH take immediate action to correct its identity with third-party booking sites such as Tripadvisor.com, Expedia.com, and Booking.com.

78. The Notice of Service Mark infringement further demanded that ARTH provide written and photographic evidence, no later than August 3, 2016, that it had completely discontinued use of the QUALITY® family of marks at the Subject Property and that it had taken corrective action with respect to its identification on third-party booking sites. The Notice further advised ARTH that the deadline did not constitute permission to use the mark nor did it constitute a reprieve from incurring damages.

79. ARTH did not comply with the August 3, 2016 deadline.

80. Thereafter, Choice Hotels discovered that ARTH continued to use the QUALITY® family of marks in, around, and in publicity for, the hotel located at the Subject Property.

81. On or about August 5, 2017, the undersigned conducted a site inspection of the Subject Property and took the following photographs showing the QUALITY® family of marks on display:

  

82. In addition to signage bearing the QUALITY® family of marks, the hotel at the Subject Property displays a white BAYMONT INN & SUITES® branded banner.

83. BAYMONT INN & SUITES® is not a Choice Hotels brand.

84. Moreover, a review of the online third-party booking site Tripadvisor.com identifies the Subject Property as a BAYMONT INN & SUITES® but displays photographs of the hotel bearing both QUALITY® and BAYMONT INN & SUITES® signage:



85. Moreover, the hotel located at the Subject Property is in a state of obvious disrepair/construction. A true and correct photograph of the damaged carport taken by the undersigned on August 5, 2017 appears below:



86. At no time after June 3, 2015 was ARTH authorized to use any of the marks in the QUALITY® family of marks at the Subject Property.

87. Notwithstanding, after June 3, 2015 ARTH continued to make extensive unauthorized use of the QUALITY® family of marks at the Subject Property.

88. The continued and unauthorized use of the QUALITY® family of marks by ARTH has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the QUALITY® family of marks.

## COUNT I
### Infringement of Federally Registered Trademark
### (15 U.S.C. §1114)

89. Paragraphs 1-88 are incorporated by reference herein as though set forth in their entirety.

90. Choice Hotels is the owner of a family of QUALITY® marks which it uses in connection with the provision of hotel and motel services. Included in that family of marks are at least the following United States Trademark Registrations: the '881 registration; the '372 registration; the '294 registration; the '820 registration; the '488 registration; the '999 registration; the '875 registration; the '054 registration; the '436 registration; the '437 registration; the '888 registration; the '885 registration; the '789 registration and the '912 registration.

91. Choice Hotels licensed the QUALITY® family of marks to ARTH as part of a Franchise Agreement.

92. Upon information and belief, after termination of the Franchise Agreement and its license, and despite receiving multiple notices regarding said termination, ARTH continued to use, and continues to use the QUALITY® family of marks, including one or more of the federally registered marks identified in paragraph 84 above, in connection with the provision of hotel and motel services at the Subject Property.

93. Upon information and belief, ARTH had actual knowledge of the QUALITY® family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel

services marks which are likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

94. The acts of ARTH as described herein constitute infringement of one or more of Choice Hotels' federally registered trademarks.

95. As a direct and proximate cause of the infringing acts of ARTH, Choice Hotels has been damaged in an amount to be determined at trial.

96. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of ARTH, and the cost of the action under 15 U.S.C. §1117.

97. The acts of ARTH as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

98. The acts of ARTH as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the QUALITY® family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition – False Designation of Origin
### (15 U.S.C. §1125(a))

99. Paragraphs 1-98 are incorporated by reference herein as though set forth in their entirety.

100. Upon information and belief, ARTH had actual knowledge of the QUALITY® family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

101. Upon information and belief, ARTH has used, and continues to use, one or more of the marks in the QUALITY® family of marks in commerce in connection with the provision of hotel and motel services.

102. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and ARTH, or as to the origin, sponsorship, or approval of the services or commercial activities of ARTH by Choice Hotels.

103. As a direct and proximate cause of the acts of ARTH as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

104. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of ARTH, and the cost of the action under 15 U.S.C. §1117.

105. The acts of ARTH as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

106. The acts of ARTH as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the QUALITY® family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT III
## Common Law Trademark Infringement/Unfair Competition

107. Paragraphs 1-106 are incorporated by reference herein as though set forth in their entirety.

108. The activities of ARTH as described herein are unfair acts that have occurred in commerce and have damaged the legitimate business of Choice Hotels; therefore those activities constitute unfair competition pursuant to the common law of Virginia.

109. ARTH has used, and continues to use, marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of Virginia.

110. The conduct of ARTH as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law. Choice Hotels will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Choice Hotels prays:

A. That each of the Named Defendants (*i.e.* A Royal Touch Hospitality, LLC (NC), A Royal Touch Hospitality, LLC (VA), Ujas B. Patel and Ketki Patel), their agents, servants, employees and all those in active concert or participation with them, be permanently and forever enjoined from using any of the marks in the QUALITY® family of marks, including but not necessarily limited to, the marks appearing in the '881 registration; the '372 registration; the '294 registration; the '820 registration; the '488 registration; the '999

registration; the '875 registration; the '054 registration; the '436 registration; the '437 registration; the '888 registration; the '885 registration; the '789 registration and the '912 registration or any mark confusingly similar thereto;

B. That each of the Named Defendants be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from their use of one or more of the QUALITY® family of marks;

C. That Choice Hotels be awarded judgment for damages against each of the Named Defendants, resulting from violation of Section 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

   1) all profits received by the Named Defendants from sales and revenues of any kind as a result of the actions complained of herein; and

   2) all damages sustained by Choice Hotels as a result of the Named Defendants' acts of infringement and unfair competition, and that such damages be trebled; and

   3) that, in light of the deliberate and willful actions of the Named Defendants, this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. §1117, and that Choice Hotels be awarded such relief;

D. That Choice Hotels be awarded judgment for damages resulting from the Named Defendants' common law trademark infringement and unfair competition;

E. That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

F. That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action; and

G. That all triable issues be brought before a jury.


Dated: August 15, 2017.	Respectfully Submitted,

**CHOICE HOTELS INTERNATIONAL, INC.**

By: /s/ C. Jacob Ladenheim
Virginia State Bar #14010
C. Jacob Ladenheim
Attorney-at-Law
P.O. Box 2
Fincastle, VA 24090
Email: ladenheimlaw@aol.com
Phone: 540-819-0002


*Attorney for Plaintiff*
*Choice Hotels International, Inc.*